# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

April Jones, Respondent,

v.

Tim Ringer, individually and as employee/agent of Wal-Mart Stores Inc. d/b/a Wal-Mart Store #630, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., Defendants,

of which Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. are the Appellants.

Appellate Case No. 2022-000303

———

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———

Opinion No. 6125
Heard May 7, 2025 – Filed November 26, 2025

———

**REVERSED AND REMANDED**

———

Miles Edward Coleman and Abigail Louise Wood, of Nelson Mullins Riley & Scarborough, LLP, of Greenville; Robert Canna Blain, of Collins & Lacy, PC, of Columbia; and Nashiba F. Boyd, of Orangeburg, all for Appellants.

George M. Hearn, Jr., of Hearn & Hearn, PA, of Conway; Lane Douglas Jefferies, Eric Marc Poulin and Roy T. Willey, IV, all of Poulin, Willey, Anastopoulo, LLC, of Charleston; Robert Brian Critzer, of Columbia,

and Kaye Gorenflo Hearn, of Conway, both of Wyche, PA, all for Respondent.

---

**WILLIAMS, C.J.:** Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (collectively, Wal-Mart) appeal a jury verdict awarded to April Jones. Wal-Mart argues the trial court erred in denying its motion for a new trial because Jones presented inadmissible photographs to the jury during her opening argument and the trial court refused to offer a curative instruction. We agree.

"The trial court's ruling on a motion for new trial absolute is reviewed by the appellate court for abuse of discretion." *Click Props., LLC v. Thomas SC Props., LLC*, 445 S.C. 468, 491–92, 914 S.E.2d 488, 500 (Ct. App. 2025). "In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996).

In 2018, Jones sued Wal-Mart for negligence, alleging she stepped on a nail in the store in 2015, which caused her to eventually have an above-the-knee amputation. In 2019—four years after the incident—Jones's counsel and associates entered Wal-Mart, without scheduling a site inspection pursuant to Rule 34 of the South Carolina Rules of Civil Procedure,[1] and took pictures and video. The group was seen with gloves and a hammer. The photos taken by the group depict nails in wooden pallets on the sales floor of Wal-Mart, a broken pallet, and one photo shows a nail placed on the floor next to a wooden pallet. Also, while at the store, Jones's counsel spoke to a named defendant in the case, Tim Ringer.

Wal-Mart filed a motion in limine to exclude the photos. Wal-Mart argued the photos were not relevant or admissible under Rules 401 and 403 of the South Carolina Rules of Evidence. The trial court partially granted the motion, ruling the photos of the broken pallet were inadmissible, but it denied the motion as to any

---

[1] *See* Rule 34, SCRCP ("Any party may serve on any other party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon . . . .").

photos used to show Wal-Mart's alleged failure to comply with the standards from the American National Standards Institute (ANSI). However, the trial court specified that any photos admitted during trial would be accompanied by a limiting instruction.

During opening arguments, Jones's counsel showed *all* of the photos to the jury without introducing them into evidence. Wal-Mart objected. The trial court sustained the objection and ruled the photos could not be shown during opening arguments; however, it declined Wal-Mart's request for a curative instruction.

We hold the trial court erred in denying Wal-Mart's motion for a new trial because Jones's counsel improperly showed the jury inadmissible photographs. The photos were taken *four years after* Jones's alleged injury and depicted damaged pallets and nails that were not proven to be of the same type, in the same condition, or even present on the day of the injury. Jones presented no evidence to demonstrate that the condition of the pallets in the photos was the same at the time of Jones's alleged injury. In fact, video of the aisle on the date of injury shows the floor was clean and free of debris from pallets. Furthermore, the photos were not only presented to demonstrate that Wal-Mart's pallets were non-compliant with ANSI standards as originally intended by Jones and approved by the trial court. Rather, Jones also used the photos to assert Wal-Mart's pallets were in that damaged condition at the time of the incident and continued to endanger customers in the years following the accident. Thus, we find the photos are irrelevant. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Furthermore, we find the photographs are clearly prejudicial and prohibited by Rule 403, SCRE. *See* Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Moreover, the trial court's refusal to issue a curative instruction upon Wal-Mart's request was error resulting in an abuse of discretion. During pretrial motions, the court properly ruled the photos inadmissible and explained that if the photos were introduced, a limiting instruction would follow. Immediately following the presentation of the photos to the jury, Wal-Mart timely objected and requested a curative instruction, which the court denied. The only remedy available to Wal-Mart for the presentation of these photos was a curative instruction. Wal-Mart made the request pursuant to the rules of evidence concerning relevance.

It is clear the photos served no purpose other than to mislead the jury. Furthermore, without a curative instruction, the jury was left to consider the photographs with whatever weight they deemed necessary. *See Kunst v. Loree*, 424 S.C. 24, 46, 817 S.E.2d 295, 306 (Ct. App. 2018) ("The jury maintains discretion, as reviewed by the circuit court, in awarding actual and punitive damages."). This is reversible error. *See Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence."); *Fairchild v. S.C. Dep't of Transp.*, 398 S.C. 90, 104, 727 S.E.2d 407, 414 (2012) ("Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error." (quoting *Ross v. Paddy*, 340 S.C. 428, 437, 532 S.E.2d 612, 617 (Ct. App. 2000))); *id.* ("To warrant reversal, the refusal to give a requested jury charge must be both erroneous and prejudicial.").

Accordingly, the jury's verdict awarded to Jones is

**REVERSED** and the matter is **REMANDED** for a new trial.[2]

**GEATHERS and TURNER, JJ., concur.**

---

[2] Because our above holdings are dispositive, we decline to address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).